KANSAS PACIFIC RLY. CO. v. WILLIAM A. SIMPSON.

BILL OF EXCEPTIONS—CASE MADE; *Proceedings to Set Aside.* Before an action in the district court to set aside a bill of exceptions or case made can be sustained, it must appear that the bill or case is untrue in fact, as well as that the signature of the judge was fraudulently obtained.

*Error from Douglas District Court.*

SIMPSON obtained an order of injunction restraining the *Railway Company* from making use of a case made in the

district court, or a transcript thereof, such case having been made in an action wherein *Simpson* was plaintiff, and the *Railway Company* was defendant. The petition and proof on which said injunction was allowed, shows that the case, the use of which was so enjoined, was presented to the district judge in vacation by an attorney for said *Railway Company*, and a representation then made by such attorney that notice had been duly given to the plaintiff's attorney in that action, of the time and place when and where the said case would be presented for settlement; and that in consequence thereof said judge thereupon signed said case. Said petition further shows that a "case" had been served with such notice thereon, but that the "case" was afterward materially modified by inserting therein, after stating the evidence, the following words: "The foregoing is all the evidence given on the trial of the above case." And also by inserting the following language, to-wit: "To each instruction asked for by the plaintiff and given by the court, the counsel for the defendant at the time duly excepted, and prayed that his exception be entered on the journals of this court and made part of the record. To each instruction asked for by the defendant and refused by the court, the counsel for the defendant at the time duly excepted, and prayed that his exception be duly entered on the journals of this court and made a part of the record." The *Railway Company* appealed from said order of injunction, and brings the case here on error.

*J. P. Usher*, and *E. W. Dennis*, for plaintiff in error. [No brief on file.]

*Riggs, Nevison, & Simpson*, and *Nelson Cobb*, for defendant in error:

1. The allegation that "the foregoing is all the evidence given on the trial of the above case," is a very material addition, as without it plaintiff in error could not claim that the verdict was not sustained by sufficient evidence, and would have to rely merely on erroneous rulings on the trial: 5 Kas., 507; 2 Kas., 349.

2. The statement of the taking of the exceptions was also material, as without it no advantage could be taken of erroneous rulings of the court, except those rulings to which exceptions had been elsewhere stated in the case: 5 Kas., 361; 7 Kas., 235. The statement in brief of plaintiff's counsel that this language was added by the judge, may be answered by saying that the affidavit of Hampton, filed with the petition to the district court in this (the injunction) case, shows the contrary; but if it were added by the judge, it would be no less a wrong to Simpson, and no less require redress at the hands of this court.

3. When the case was served on the plaintiff with notice of settlement, and the plaintiff ordered no amendments, and the time for making amendments had elapsed, the case as served was settled by agreement, and the law required the judge to sign it without alteration: Laws of 1870, p. 168, §§ 1, 2. Section 548 of the code, (as amended by § 2, above cited,) allows three days to file amendments. Section 549 of the code (as amended by § 1 above cited,) allows the court to extend the time to make a case, and provides that if no amendments are suggested, the case shall be taken as true and containing a full record of the cause, and certified accordingly. It is clear, therefore, that the plaintiff in that action had no occasion to appear before the judge, and nothing to say if he did appear, the case being already conclusively settled.

4. The altering such case in important respects, and procuring it to be signed and filed so altered, was a fraud *per se*, from which the party injured has a right to be relieved without inquiring whether it arose from intentional fraud, or a mistake of practice: 1 Story's Eq. Jur., §§ 186, 187.

5. No relief in the premises could be had except by the means adopted by the defendant in error. There being no relief attainable in the original action, it is a case where, when the jurisdiction of law and equity were separate, a court of equity would interfere by injunction to prevent an order fraudulently obtained, from being used to the detriment

of the innocent party. Any proceeding at law, at any stage of proceedings, might be so restrained, the only questions being the justice and necessity of the relief, which questions were addressed to the sound discretion of the court: 7 Cranch, 335; Kerr's Injunctions, 21; 2 Story's Equity Jur., § 885. Since the powers of law and equity are united in the same court, such court has the same equitable jurisdiction, when necessary, to restrain the use of orders fraudulently obtained, as courts of equity formerly had, although the proceedings so restrained were had in the same court granting the injunction: Willard's Equity Jur., 350, 351.

The opinion of the court was delivered by

BREWER, J.: In an action between these parties the defendant in error recovered a judgment against the plaintiff in error in the district court of Douglas county for the possession of certain real estate. Plaintiff in error, purposing to seek a reversal of that judgment, caused a case made to be prepared, signed by the judge, and attested by the clerk. Thereupon the defendant in error, claiming that such case made was fraudulently obtained, brought his action in the same court to restrain the plaintiff in error from using it, and to vacate the order approving and ordering it filed. He obtained a temporary injunction, which is now by this proceeding in error sought to be vacated and set aside. And the question presented is, whether under the allegations in the petition, the relief prayed for can be granted. Since the decision of this court in the case of *McClure v. Mo. River, Fort Scott & Gulf Rld. Co.*, 9 Kas., 373, it can hardly be doubted that a party can proceed by independent action in the district court to have a case-made or bill of exceptions set aside. But in order to sustain such action two things must appear: first, that the bill of exceptions or case made is untrue in fact, and second, that it has been fraudulently obtained. Neither of these is sufficient of itself. It not infrequently happens that error creeps into a bill of exceptions that has been regularly obtained. Through the neglect of the counsel,

or misrecollection of the court, something is omitted which should have gone into the record, or something stated which did not in fact take place. To make such error alone the ground for setting aside a bill of exceptions would be the loosest kind of practice, and open the door to untold wrongs. It would be for the interest of the successful party to permit error in the record that thereby he might avoid the bill of exceptions and prevent any review in the higher court. So, on the other hand, if the bill of exceptions or case made be true in fact, and regularly signed, it ought not to be set aside although the signature of the judge was obtained by fraud or misrepresentation. If it state the truth, neither party is wronged. The upper court can determine the controversy between the parties according to the very right of the case. A plaintiff is not entitled to relief by simply showing that the defendant has done wrong. He must also show that the wrong of the defendant has deprived him of some right. The successful party in the lower court has a right to have the proceedings of that court truly presented to the appellate tribunal. He has no right to have those proceedings falsely presented in his favor. And where the misconduct of the opposite party has only deprived him of the advantage of a false presentation it has deprived him of no legal right. In this case the allegations of the petition are, in general terms, that the signature of the judge was obtained by the false representations of the plaintiff in error. It is nowhere intimated that the bill of exceptions or case made does not state the very truth, or that the additions claimed to have been made intermediate the examination by the defendant in error and the signature of the judge are not in exact accordance with the facts of the case. Under these circumstances the defendant in error was not entitled to have the case disturbed, or the plaintiff in error restrained from using it.

The judgment of the district court will be reversed, and the case remanded for further proceedings.

All the Justices concurring.