Muse v. Wafer.

.R. W. P. MUSE, *et al.*, v. JOHN F. WAFER.

1. JUDGMENT; *Restraining Collection.* As a general rule, before equity will restrain the collection of a judgment rendered by a court of competent jurisdiction after legal and personal service, it must affirmatively appear that there is a valid defense to the cause of action.

2. REMEDY *to Restrain Collection of Judgment.* Where a judgment is rendered by a court of competent jurisdiction, after a full and fair trial, and a case is made by the defeated party, for the purpose of review in this court, and the successful party wrongfully obtains possession of such case-made and withholds it till the time has elapsed in which by statute a judgment can be reviewed in this court, *held,* that the defeated party cannot maintain injunction to restrain the collection of the judgment. His remedy is by petition in error in this court, and then if it appears that he was prevented from bringing the case here solely by the wrongful conduct of the opposing party, and he has himself been guilty of no *laches,* this court will entertain jurisdiction and examine the record as though it had been filed in time.

*Error from Harvey District Court.*

ACTION by *R. W. P. Muse,* and two others, partners as Muse, Spivey & Co., against *John F. Wafer,* as sheriff of Harvey county, to restrain the collection of a certain judgment. September 4, 1882, Hon. Samuel R. Peters, judge of the district court, at chambers, made an order dissolving the temporary injunction which had theretofore been granted for plaintiffs, which order they bring here for review. The opinion states the facts.

*John Reid,* for plaintiffs in error.

*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts of this case are as follows: In April, 1880, one Samuel Lehman recovered a judgment against the plaintiffs in error for the sum of $57.59, in the district court of Harvey county. For the purpose of reviewing said judgment, defendants in that action prepared a case-made, which

was duly settled, signed and attested on April 5, 1880. A bond to stay execution was also filed at the same time. Thereupon the counsel for said defendants took said case-made to his office for the purpose of preparing a petition in error to be filed with said case-made in this court. While he was engaged in preparing said petition in error, the counsel for the plaintiff in that case entered his office, and took and carried away said case-made, and kept the same secreted from that time continuously until the 25th of October, 1881, when he returned it to the counsel for said defendants. During the time that it was so secreted, the defendants and their counsel made repeated demands of the counsel for plaintiff. for the possession of the case-made, stating that they desired to file it with the petition in error in this court; yet said counsel willfully refused and neglected to give it up. When finally he did return it, the time within which by statute said judgment could be brought to this court for review had passed. Thereafter he ordered out execution upon said judgment, and placed it in the hands of the defendant in the present case, the sheriff of Harvey county, who levied the same upon a lot belonging to plaintiffs. They thereupon commenced this action to restrain the collection of said judgment, on the ground that by the wrongful conduct of said counsel they had been deprived of an opportunity of having said judgment reviewed in this court. A temporary injunction was granted, which thereafter, on motion of the defendant, was vacated, and now the plaintiffs allege error. No affidavits or other testimony was offered by defendants on the motion to vacate; but the case was submitted upon the petition alone. Therefore, for the purposes of the present inquiry, we must assume that the facts as stated in the petition are true. Counsel for defendant in error, who was also the counsel for Lehman, and the counsel upon whom the wrongful conduct above stated is charged, states in his brief in reference to the charges against himself as follows: "If there should ever come a time in the history of this case when we shall deem it best to answer such allegations, we

feel a conscious ability to do it fully, satisfactorily; and, as modestly admitted by the counsel who wrote the brief for plaintiffs, we will not only be able to show a stuffing of the case-made, but that the thing was a fraud, an unsuccessful effort to forge one." We beg leave in all kindness to say to counsel that we think he has made a mistake — that he should have answered these charges as soon as they were made. They are charges of conduct unprofessional and dishonest; and while, as will be seen, we agree with him that they do not entitle the plaintiffs to the relief sought, yet we think every lawyer owes to himself, his family and his profession the duty of preserving his good name. Counsel has appeared in many cases before us. We have seen nothing in his practice in this court which was not fair and honorable, and we have all entertained a high opinion of him both personally and professionally, and would be slow to believe him guilty of any dishonorable conduct. Yet as he has submitted the case upon a demurrer, we have to assume that the facts stated in the petition are true, and discuss the rights of parties upon the basis of that assumption. This is certainly not a pleasant task for us. With these preliminary observations we turn to a discussion of the questions presented, and in the first place we remark that there is nothing in the record to show that such judgment was not just and right. It is true the plaintiffs say they desired to bring the judgment to this court for review, but that does not show that the judgment was wrong. All the presumptions are in favor of the rulings of the trial court and the correctness of its judgment. This would be so, even if those proceedings were here for review upon the whole record. Of course this presumption is all the stronger when none of those proceedings are disclosed. This petition shows that the district court had jurisdiction; that both parties appeared before it; that trial was had by a jury, motion for a new trial made and overruled, and judgment entered upon the verdict. All this tends to show that the judgment was right, and there are in this petition no facts stated which tend to show any error in it. It

is not alleged that the verdict and the judgment were against the evidence, or that the court erred in the admission or rejection of testimony or in its instructions, and the only intimation or suggestion which points to error is the fact that the defendants therein took exceptions and sought to bring the case to this court.    In High on Injunctions, § 86, the author says: "In accordance with this principle, a judgment will not be enjoined where there is no evidence of a good defense to the merits, or that the judgment is contrary to equity and against conscience, the only ground relied upon being that the cause was brought on to trial in violation of a verbal agreement of counsel for its postponement;" citing *Ableman v. Roth*, 12 Wis. 81.    In the opinion filed by Chief Justice Dixon in the case cited, the learned judge discusses the question at some length.    Now that was a case in which the misconduct of counsel was before judgment, but as it did not appear that the judgment itself was wrong, an injunction restraining its collection was refused.    Again, in § 89 Mr. High says, citing *Taggart v. Wood*, 20 Iowa, 236: "A judgment, regular on its face, will not be enjoined when it is not shown to be unjust or oppressive, and when it does not appear that the person asking the aid of equity against the enforcement of the judgment has a good defense to the claim upon which it was founded."    See also 2 Story's Eq. Jur., § 877; *Duncan v. Lyon*, 3 Johns. Ch. 352; *Pierce v. Only*, 20 Conn. 544; *Way v. Lamb*, 15 Iowa, 79; *Wright v. Eaton*, 7 Wis. 595; *Stokes v. Knarr*, 11 Wis. 389; *Borland v. Thornton*, 12 Cal. 440; *Snider v. Vannoy*, 1 Oregon, 394.    Indeed, the general doctrine to be gathered from all the authorities is, that an injunction will not lie to restrain the collection of a judgment unless it affirmatively appears that the judgment itself was wrong, and that it would be against equity and good conscience to have it enforced, and this notwithstanding there appears gross misconduct on the part of the prevailing party.    See upon a kindred question, the case of the *Railway Co. v. Simpson*, 11 Kas. 494.    Now in this case it does not appear that the judgment was wrong; it does not appear that there was anything

of which complaint could justly be made prior to the rendering of the judgment. The only misconduct alleged is misconduct subsequent to the judgment, misconduct in no manner affecting the correctness of the judgment, but simply operating to prevent a review of alleged errors. If equity interferes at all to give relief, its interference should be only commensurate with the wrong; and while we sustain the ruling of the district court vacating the injunction, we think the plaintiffs are not entirely without remedy. We think they may file their petition in error and case-made in this court, with an allegation that the delay was caused solely by the wrongful conduct of the defendant in error; and if upon inquiry in this court it shall satisfactorily appear that the delay was in fact caused solely by the wrongful conduct of defendant in error, and also that the plaintiffs in error have been guilty of no *laches*, this court will entertain jurisdiction, and will not permit the defendant in error to raise the question of the lapse of time. The judgment will be affirmed.

All the Justices concurring.