Torilla *v.* Alexander.

TORILLA *v.* ALEXANDER.

*(Jackson.* April 19, 1900.)

1. JUDGMENT. *Of Justice of the Peace valid, when.*

A Justice's judgment for a definite sum and costs is valid, notwithstanding the added words, "subject to all credits, if any." These words will be rejected as surplusage. *(Post, pp. 454, 455.)*

2. SAME. *Correction of Justice's judgment.*

A Justice of the Peace has the same right and power as other Courts to correct his judgment. And it is a proper exercise of this power for a Justice of the Peace, upon motion of the plaintiff, after due notice to defendant, to strike out the words "subject to all credits, if any," appearing in his judgment for a definite sum indorsed on the warrant, thereby making it conform to the truth and the entry on his docket. *(Post, pp. 455–457.)*

Code construed: §§ 4598, 4600 (S.); §§ 3589, 3591 (M. & V.); § 2478 (T. & S.).

Cases cited: Womack *v.* Walling, 1 Bax., 425; Fanning *v.* Fly, 2 Cold., 489.

---

### FROM PERRY.

---

Appeal in error from Circuit Court of Perry County. LEVI S. WOODS, J.

SLOAN & GREER for Torilla.

CARTER & ENGLAND for Alexander.

Torilla *v.* Alexander.

WILKES, J. . This is a suit upon a note, commenced before a Justice of the Peace. On the 4th day of April, 1898, there was a judgment in favor of the plaintiff and against the defendant for $131.61 and costs. The judgment was regularly entered upon the docket, but the Justice made the following indorsement on the warrant:

"Judgment for the plaintiff against the defendant for $136.61 subject to all credits, if any, and cost of suit and interest at the rate of 6 per cent., for which execution may issue.

"This the 4th day of April, 1898.

"T. L. LANGLEY, *J. P.*"

In November thereafter the plaintiff gave notice that he would move the Justice to correct the indorsement on the warrant, and in pursuance of this notice the Justice made the following additional entry:

"In this case the plaintiff moved the Court to correct the judgment heretofore rendered on the 4th day of April, 1898, so as to conform to the judgment entered on the docket, and it appearing that notice has been given as required by law, said [notice?] motion is sustained; and it appearing that in writing the judgment on the warrant in said case on the 4th day of April, 1898, that said judgment is not a finality, and for sufficient cause I set aside said judgment and give judgment in favor of plaintiff and against .

defendant for $131.61 and interest and cost of suit, this being same as entered on my docket on the 4th day of April, 1898, on the day of rendition of former judgment.

"This the 26th day of November, 1898.

"T. L. LANGLEY, *J. P.*"

From this action of the Justice of the Peace the defendant appealed to the Circuit Court, and in that Court moved to quash the proceedings of the Justice as void. The Court sustained the motion and quashed the proceedings, and the plaintiff appealed and assigned as error this action of the trial Judge in the Court below.

We are of opinion there is· error in the action of the Circuit Judge.

The judgment of the Justice was valid. The words in the indorsement upon the warrant, "subject to all credits, if any," were mere surplusage, and did not prevent the judgment from being certain and final, and they might have been so treated by the Justice of the Peace.

But the plaintiff had the right to have this entry corrected so as to conform to the actual facts and show a judgment definite and final. A Justice of the Peace has the same right and power to correct his judgments as Courts of record have, upon five days' notice being given. Shannon, § 4600.

The evident object and purpose of the Justice

was to expunge from his entry ·upon the warrant the words "subject to all credits, if any," so as to leave the entry in the shape of an unconditional judgment, and the trial Judge should have so treated it.

In the case of *Womack* v. *Walling,* 1 Bax., 425, the Court held that a Justice could amend his judgment by striking out the words "to be be discharged in ·Tennessee and Kentucky bank notes," which followed after the judgment. In *Fanning* v. *Fly,* 2 Cold., 489, it is held, in substance, that under § 4598 Shannon's compilation, if a judgment entry· contain every requisite to make it valid and. in form sufficient to make it answer the writ and declaration, objectionable words that add nothing to the force of the judgment, and, when excluded altogether, in no degree diminish its operation or effect, may be rejected by the Court trying the cause, after verdict and judgment or in the revising Court on appeal.

In the same way · words added to a judgment which are contrary. to it and can have no effect but to nullify it if given any force, may be rejected as surplusage, in order ·that the judgment may have force and effect as intended. Too much formality should ·not be required of Justices' entries and judgments, but every reasonable intendment in favor of their validity. and sufficiency should be indulged.

Torilla *v.* Alexander.

We are of opinion the trial Judge in the Court below should have treated the entry of the Justice upon his warrant as corrected so as to show an unconditional judgment for a definite and certain amount, and should have dismissed the defendant's appeal and ordered a procedendo to the Justice to proceed upon the judgment as corrected. And this Court, proceeding to render the judgment which the Court below should have rendered, reverses the action of the trial Judge, and procedendo will issue to the Justice of the Peace to issue execution for the amount of the judgment rendered by him, to-wit, $131.61 and interest from the 4th day of April, 1898, and the costs of the original judgment, and for such further action as may be required to realize said judgment. The costs of this Court and the Circuit Court will be paid by the defendant, W. S. Alexander, for which execution will issue from this Court.

It is said that the record does not show that all the evidence is embraced in it. This is not a case for the application of this rule. The cause was not tried upon proof but upon motion based upon the papers and entries before the Justice of the Peace, which were produced and relied on by the defendant as the basis of his motion.