# BOHART *et al.* v. ANDERSON.

No. 500.    Opinion Filed July 12, 1910.

(110 Pac. 760.)

1.  **JUSTICES OF THE PEACE—Judgment—Action to Review—Stat_utory Provision.** Section 6066, Comp. Laws Okla. 1909, which provides, "a judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court," relates to review by appeal, and does not authorize a review of proceedings had before a justice of the peace by an original proceeding in the district court.

2.  **JUSTICES OF THE PEACE—Judgment — Equitable Relief— Scope of Remedy.** A court of equity may interfere to order a new trial after judgment by default, before a justice of the peace, when it is made to appear that the plaintiff in said action at law obtained said judgment in advance of the time when it otherwise would have been rendered by violating a stipulation for a continuance, and that the defendant had a good defense to said action.

. (Syllabus by the Court.)

*Error from District Court, Grady County; Frank M. Bailey, Judge.*

Action by J. A. Bohart and another against Mrs. Margaret Anderson. From a judgment for defendant, plaintiffs bring error. Reversed and remanded.

See, also, 24 Okla. 82, 103 Pac. 742.

*Thomas J. O'Neill,* for plaintiffs in error.

KANE, J. This proceeding was commenced by the plaintiffs in error, plaintiffs below, by filing in the district court of Grady county a pleading designated, "Petition in error," wherein they alleged, in substance, that on the 22d day of February, 1908, the defendant in error, Margaret Anderson, commenced an action in replevin before a justice of the peace in and for Chickasha township, Grady county, Okla., against the plaintiffs in error for the recovery of certain live stock; that said plaintiffs in error had

a good and valid defense to said suit and intended and desired to file their answer setting up such defense, but petitioner Bohart, owing to pressing business, could not be present on the return day of said writ, and petitioner Hollingsworth entered into an oral agreement with the attorney for Mrs. Anderson to the effect that said cause should stand continued until the said Bohart could come to Chickasha and be present at the trial of said cause and make answer thereto, he being the real party in interest; that said agreement for continuance was general, and was not based upon any particular day, but was made for mutual convenience, and petitioners relied upon said agreement with the attorney of said defendant, which agreement was made about February 29, 1908, said suit being returnable on the 2d day of March, 1908; that on the 9th day of March, 1908, said defendant, Margaret Anderson, without further notice to these petitioners, took judgment in said court against said petitioners; that said petitioners were not present in court when said judgment was taken, and knew nothing whatever of the action of the defendant herein until about the 20th day of March, 1908, when they learned that an execution had been issued in said cause and placed in the hands of the constable to enforce said judgment, and at that time the 10 days within which they could have appealed had expired; that said judgment was taken against them before they had time or opportunity to make their defense thereto, and was taken in violation of said agreement for the postponement of said cause made in good faith with the attorney of defendant in error, and they knew nothing of it until the time for an appeal had expired; that said judgment, if allowed to stand, unjustly deprives petitioners of their property because they have a valid and complete defense to said suit; that said judgment is a judgment by default, and, without the taking of any proof, said judgment imposes upon petitioners a penalty in damages of $25, which is unjust and without authority of law, and renders said judgment voidable. Petitioners therefore pray that said defendant be summoned as provided by law, and, upon final hearing, that said judg-

ment be vacated and set aside, and that petitioners be allowed to make their defense to the demands of plaintiff therein. A demurrer to this petition in error upon the grounds (1) that it appears from plaintiff's petition in error filed herein that it is an attempt by way of said petition in error to take an appeal from the judgment of the justice of the peace of this township to this court, and that this court is without jurisdiction to hear and determine said matter under the law; and (2) that said petition in error is defective for the reason it shows from the face of the record from the justice of the peace court, and it further shows from the face of said petition that, in order to sustain the contention of said petitioners, it would be necessary to try said case in this court *de novo*, upon a question of fact in order to determine whether any error was committed by said justice of the peace, or whether or not said petitioners in error are entitled to any relief as prayed, was sustained by the court below, and to reverse this order this proceeding in error was commenced.

Counsel for plaintiffs in error in his brief states that this proceeding was taken in conformity with sections 6066, 6069, 6082, Comp. Laws Okla. 1909. The first of these sections provides that:

"A judgment rendered, or final order made, by a justice of the peace, or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

Section 6069 provides:

"The proceeding to obtain such reversal, vacation or modification, shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of," etc.

Section 6082 provides that:

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year," etc.

His contention is that the first sections quoted confer power upon the district courts to reverse, vacate, or modify the judgments of justices of the peace by an original proceeding filed for such purpose, and the last limits the time within which such pro-

ceeding may be commenced to one year. We do not agree with counsel. Section 6066, *supra,* relates to review by appeal, and does not authorize a review · of proceedings had before a justice of the peace by an original proceeding in the district court. We are not favored with a brief on behalf of the defendant in error, but it seems quite clear that the statutes cited by counsel for plaintiffs in error are not susceptible to the construction he seeks to place upon them.

The pleadings filed by the plaintiffs, however, undoubtedly stated facts sufficient to entitle them to relief in equity, and we believe they ought to be permitted to proceed on that side of the docket. By demurring the defendant acknowledged the stipulation for a continuance, and that she took judgment in violation thereof, and that the plaintiffs had a good defense to the action at law before the justice of the peace. A court of equity may interfere to order a new trial after judgment by default before a justice of the peace, when it is made to appear that the plaintiff in said action at law obtained said judgment in advance of the time when it otherwise would have been rendered by violating a stipulation for a continuance, and that the defendants had a good defense to said action. *Ableman et al. v. Roth et al.,* 12 Wis. 90; *K. P. Ry. Co. v. Simpson,* 11 Kan. 372; *Muse et al. v. Wafer,* 29 Kan. 197; *Poor v. Tuston et al.,* 53 Kan. 86, 35 Pac. 792.

The judgment of the court below is reversed and the cause remanded, with directions to overrule the demurrer to the petition.

All the Justices concur.