BERNARD LEVY ET AL., DEFENDANTS, v. SAMUEL STERN, PROSECUTOR.

Argued February 21, 1911—Decided June 7, 1911.

1. After judgment in a court for the trial of small causes the justice may amend his docket to conform to the facts, when called upon to do so by rule allowed for that purpose when diminution of the record is alleged.

2. While particularity in pleading is not required in a court for the trial of small causes, still the state of demand must show a cause of action, and a judgment by default in attachment proceedings cannot be sustained where the state of demand fails to show a transfer to the holder of a promissory note payable to the order of a payee who has not endorsed it, in the absence of any finding by the trial court of a transfer by the payee.

On *certiorari* to court for the trial of small causes to review judgment in attachment.

Before Justices SWAYZE, BERGEN and MINTURN.

For the prosecutor, *John J. Stamler.*

For the defendants, *Thomas Brown.*

The opinion of the court was delivered by

BERGEN, J. The writ in this case was brought to review a judgment entered by default in attachment proceedings instituted in a court for the trial of small causes, and the objections urged by the prosecutor are based entirely upon the record. When the writ was allowed, the proceedings, as they appeared on the docket of the justice, were manifestly irregular and would not support the judgment, but when this was brought to the attention of the defendant he alleged diminution of the record and obtained a rule on the justice to certify the proceedings before him which he had omitted to record, in reply to which he certified the missing proceedings according to which his docket should be amended.

The right of a justice of the peace to amend his docket even after judgment was established in this court many years ago and the practice has since been followed. At the November term, 1811, in *Ridgway* v. *Fairholm, Penn.* 659, this court sustained an amendment made after writ of *certiorari* was allowed. In that case the justice had omitted the name of a referee, and after the *certiorari* was allowed discovered his mistake and added his name. In *Camp* v. *Martin, 7 Halst.* 181, the Common Pleas, after appeal, refused a rule upon the justice to certify whether or not defendant was present when judgment was entered, that fact not appearing on the docket, and dismissed the appeal for that reason. This court held that the rule should have been allowed and set aside the order dismissing the appeal. In *Backer* v. *Van Fleet*, 1 *Gr.* 195, it was held that there was "no objection to the amendment of the docket according to the fact."

When the amended return was made in the present case, most of the objections made by the prosecutor were left without foundation. The first point he now urges is that the justice appointed a day for trial on the 17th day of June, 1910, when his docket shows that the writ was not returned until the 18th, but the amended return shows this was an error, and that the writ was returned on the 17th, and the return of the constable was that he served the writ "this 17th day of June, 1910."

The next point made is that the docket does not show that the notices were properly posted, but the amendment clearly shows that they were, and that due proof thereof was made.

The next objection to this record is that the state of demand does not set forth any endorsement or transfer by the payee of the note to the plaintiff. The demand sets out a copy of a note signed by the defendant, payable to the order of "Sam Levy," but there is nothing to show that the payee ever transferred it to anyone, and so far as the declaration shows the payee still has the title to the note. The notice of protest attached to the declaration does not show that the payee was given any notice of demand and non-payment at maturity, which would seem to indicate that the payee never endorsed it. This case seems to fall within the ruling in *Crisman* v. *Swisher*, 4 *Dutcher* 149, and a number of other cases in this state, holding that while particularity in pleading is not required in a justice court, the state of demand must set out a cause of action.

We are of opinion that in a case like this where the judgment is entered by default on a promissory note, and the state of demand only sets out a copy of the note without any averment of transfer by the payee to the holder or to the persons from whom the holder claims title, and there is no finding of transfer by the payee, no cause of action is shown, and for want of it the justice had no jurisdiction to enter the judgment. If both parties were present at the trial, and no objection was raised to the form of the pleading, or the proof disclosed a transfer although not pleaded, a different question would be presented.

In the present case, nothing appears but the note, and that fails to show any title in the plaintiff; for this reason the judgment must be reversed.