## SPLAWN v. PERRY.

No. 3025.   Opinion Filed November 18, 1913.

Rehearing Denied February 10, 1914.

(138 Pac. 788.)

**JUSTICES OF THE PEACE—Judgment—Equitable Relief.** A court of equity may interfere to set aside a judgment of a justice of the peace with leave to retry the cause, when it is made to appear that counsel for plaintiff in the action before the justice, in the absence of opposing counsel, obtained said judgment in advance of the time when it otherwise would have been rendered by violating a stipulation as to the day of trial, and that defendant had a good defense to said action.

(Syllabus by the Court.)

*Error from District Court, Marshall County.*

Action by B. L. Perry against H. Splawn. Judgment for plaintiff, and defendant brings error. Affirmed.

*Albert W. Rison,* for plaintiff in error.

*Franklin & March,* for defendant in error.

TURNER, J.   On February 11, 1911, B. L. Perry, defendant in error, sued H. Splawn, plaintiff in error, in the district court of Marshall county to set aside, for fraud of the prevailing party, a judgment theretofore obtained against him before a justice of the peace, at the suit of Splawn.   The petition substantially states that on February 16, 1910, Splawn recovered judgment against plaintiff in a cause then pending before one Hearn, a justice of the peace; that the bill of particulars in that cause substantially alleged that in September, 1910, the plaintiff therein agreed to sell and the defendant therein agreed to buy of him lot 6 of block 33 in the town of Oakland, and certain personal property; that the consideration therefor was agreed to be certain other personal property and $100 in cash on delivery of the deed and $138 to be paid on a day certain; and that by reason of defendant's refusal to perform the contract plaintiff was damaged in a sum certain, for which he prayed judgment.   The petition further states that defendant herein was present at the trial, at which time he made no defense, and told the justice he could not go to trial without his lawyer, but that nevertheless there was judgment for plaintiff therein for $100; that plaintiff had a good defense to said suit for the reason that whatever contract or agreement existed between the parties thereto was in parol for the purchase and sale of land and void under the statute of frauds; "that said judgment aforesaid was obtained by fraud of the successful party through his attorney and himself, the defendant herein, by reason of the following matter as set forth in (the) affidavit of Judge Summers Hardy, which is marked 'Exhibit A' and made a part hereof and attached hereto."   The affidavit referred to was in effect that, while said suit was pending, affiant was a member of a firm of lawyers employed by Perry to defend that suit; that, after being retained, said firm had an agreement with the firm of lawyers representing the plaintiff herein, with the approval of the justice, that the trial of said cause should be postponed indefinitely and would

not be called for trial except upon a day to be agreed upon by both sides; that in violation of this agreement counsel for plaintiff therein appeared before the justice and, in the absence of opposing counsel, took the judgment complained of. The prayer of the petition was that said judgment be set aside. From a judgment overruling a demurrer to this petition with leave to Splawn to retry his case before the justice, defendant brings the case here.

Although plaintiff pleaded his evidence in the shape of an affidavit filed as an exhibit to his petition, and the exhibit was not required by statute to be so filed, yet we will take it as a part of the petition and let the general demurrer run to the allegations of them both. *Long v. Shepard,* 35 Okla. 489, 130 Pac. 131. In this view of the pleading, defendant, by demurring, admitted the existence of the agreement of counsel set forth in the affidavit. As this admission makes the case substantially the same, in point of fact, as *Bohart et al. v. Anderson,* 26 Okla. 782, 110 Pac. 760, the same is ruled by it. There the court said:

"A court of equity may interfere to order a new trial after judgment by default before a justice of the peace, when it is made to appear that the plaintiff in said action at law obtained said judgment in advance of the time when it otherwise would have been rendered by violating a stipulation for a continuance, and that the defendants had a good defense to said action. *Albeman et al. v. Roth et al.,* 12 Wis. 90; *K. P. Ry. Co. v. Simpson,* 11 Kan. 494; *Muse et al. v. Wafer,* 29 Kan. 279; *Poor v. Tuston et al.,* 53 Kan. 86, 35 Pac. 792."

Being therefore of opinion that the petition states facts sufficient to entitle plaintiff to equitable relief, the judgment of the trial court is affirmed.

HAYES, C. J., and KANE and LOOFBOURROW, JJ., concur; WILLIAMS, J., absent and not participating.