## SHERMAN MACHINE & IRON WORKS v. ELZO et al.

No. 7648—Opinion Filed Nov. 21, 1916.

Rehearing Denied Jan. 30, 1917.

Further Rehearing Denied May 15, 1917.

**1. Justices of the Peace—Judgment by Default—Equitable Relief.**

A court of equity may interfere to order a new trial after judgment by default before a justice of the peace, when it is made to appear that the prevailing party in said action at law obtained said judgment in advance of the time when it otherwise should have been rendered by violating a stipulation for continuance and that defendant had a good defense to said action.

**2. Same—Violation of Stipulation for Continuance.**

Evidence carefully examined, and held, that there was no violation of any agreement for continuance.

(Syllabus by Edwards, C.)

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by N. S. Sherman Machine & Iron Works against Sam Elzo, D. P. Sparks, and R. L. Flynn. Judgment for defendants, and plaintiff appeals. Affirmed.

Oliver C. Black and I. C. Saunders, for plaintiff in error.

Baldwin & Carlton, for defendants in error.

Opinion by EDWARDS, C. This action is brought by plaintiff in error, hereinafter styled plaintiff, against the defendants in error, hereinafter styled defendants, to enjoin the collection of a judgment rendered in the court of the defendant D. T. Sparks, justice of the peace of Pottawatomie county, Okla., on the 21st day of May, 1915. A temporary injunction was issued upon the verified petition, and after issue joined a trial was had to the court without the intervention of a jury and judgment rendered in favor of the defendants, dissolving the temporary injunction, from which judgment appeal was duly prosecuted to this court. The material facts are as follows: The plaintiff delivered to its attorney, Oliver C. Black, for collection by suit, an account against the defendant Sam Elzo. This account was mailed by the said Black to H. H. Smith, an attorney of Shawnee, Okla., who, being unable to give the same attention, delivered it to I. C. Saunders, an attorney of Shawnee, Okla., who instituted suit upon the said account in the justice court of Pottawatomie county, the bill of particulars being signed by Oliver C. Black, attorney for plaintiff. Baldwin & Carlton, attorneys of Shawnee, represented the defendant Elzo. The case was set for trial on May 8th, and on about the 5th or 6th of May the attorneys for defendant Elzo had a conversation with Mr. Saunders requesting and agreeing to a continuance of said cause until the 21st of May, and at that time informed Saunders that they desired to file for defendant a cross-bill of particulars and would do so on the 17th. Notice of such continuance to the 21st was given by the said Saunders to Oliver C. Black, by letter, on May 10th. On the 15th day of May Mr. Saunders, having become ill, went to the hospital for treatment, and on the 18th of May the said attorneys for defendant also wrote said Black of the continuance until the 21st, advising him that the defendant had filed his counterclaim and enclosing a copy of the same therewith, also further advising the said Black that Saunders was confined to the hospital, and that if said Black was unable to try the case at the time mentioned to notify them so that the defendant and witnesses need not attend court on the 21st. Black replied to this letter on the afternoon of the 20th and stated that if it would suit just as well he would like to have the case go until Saunders could get back to his office to take care of it, as the amount involved was too small to justify the time and expense of his going there and attending to it in person, and asked to be advised by return mail if such arrangement would be satisfactory. This letter was not received by Baldwin & Carlton until about 9:00 o'clock on the morning of the 21st. On the after-

noon of the 20th the said attorneys for defendant Elzo, not having received a reply to their communication of the 18th, attempted to call the said Black by telephone at his expense, but his office not approving the call, they were unable to do so. The defendant and his witnesses appeared on the 21st, the day to which said cause had been continued, and, the plaintiff failing to appear, judgment was rendered for the defendant upon his bill of particulars. After the rendition of the judgment in the justice court, no further action was taken by attorneys for plaintiff until about the 19th day of June, and until the defendant was attempting to enforce collection of the judgment. The plaintiff in the present action invokes the equity powers of the court to relieve against the judgment obtained against it, on the ground of fraud, on the theory that the attorneys for the defendant failed to keep an agreement with the attorneys of plaintiff as to a continuance of said cause, and has cited various authorities holding that a court of equity may in certain cases set aside a judgment of a justice of the peace with leave to retry the case. We think this contention is sustained by authorities where the facts bring the case within the rule: Bohart v. Anderson, 26 Okla. 782, 110 Pac. 760; Splawn v. Perry, 40 Okla. 371, 138 Pac. 788; Southern R. Co. v. Planters' Fertilizer Co. (Ga.) 68 S. E. 95; Gulf, Colo. & Santa Fe R. Co. v. Stephenson et al. (Tex.) 26 S. W. 236; Sanderson et al. v. Voelcker, 51 Mo. App. 328; Cadwallader v. McClay (Neb.) 55 N. W. 1054; 23 Cyc. 920.

But do the facts of this case bring it within the doctrine announced? We think not. The only attorney appearing of record for the plaintiff in the justice court was Oliver C. Black. The attorneys for the defendant advised him of the illness of Mr. Saunders and furnished him with a copy of defendant's bill of particulars. At the same time they notified him of the continuance of the case until May 21st and tendered to him a further continuance on condition that he answer immediately upon receipt of their letter so that they would not be at the expense of having their client and witnesses attend. They had certainly up to this time acted with due courtesy and in conformity to legal ethics. If the attorney for plaintiff upon receipt of this letter did not expect to go to trial on the 21st, he should have accepted immediately the tender of a continuance made. But instead of so doing, he delayed until the afternoon of the 20th, and then answered with a counter-proposition calling for a reply. The attorneys for defendant, further, on the afternoon of the 20th, not having received an answer from their letter of the 18th to Mr.

Black, called him by telephone and the call, not being approved by his office, was not completed. In this state of the record we think there was no fraud nor breach of ethics in taking a default judgment on the 21st, the date to which said case had been continued.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.