## CLIFFORD et al. v. GROSECLOSE.

No. 8103—Opinion Filed June 11, 1918.

(173 Pac. 653.)

1. **Jurisdiction of Justices of the Peace—Amount.**

Under section 5352, Revised Laws 1910, a justice of the peace court in this state has original jurisdiction of civil actions for a recovery of money only, and to try and determine the same where the amount involved does not exceed $200.

2. **Execution—Void Judgment of Justice of the Peace—Injunction.**

A judgment rendered in a cause in excess of the the jurisdiction of a justice of the peace is void, and where a transcript of said judgment is filed in the office of the clerk of the district court and execution issued thereon, an injunction may be granted to enjoin the enforcement of said void judgment and restrain the levy and sale of the property attempted to be made by virtue of the execution issued thereon.

(Syllabus by Hooker, C.)

Error from District Court, Beaver County; W. C. Crow, Judge.

Action by R. M. Groseclose against T. Clifford and others to enjoin a sale under execution and to set aside a judgment rendered against him by a justice of the peace in his action against Clifford. Judgment for plaintiff, and defendants bring error. Affirmed.

Dickson & Dickson and Gray & McVay, for plaintiffs in error.

Loofbourrow & Rizley, for defendant in error.

Opinion by HOOKER, C. R. M. Groseclose instituted suit in the justice court against T. Clifford to recover a judgment upon a promissory note for $94.75, with interest and attorney fees. Clifford filed an answer in the justice court admitting the execution and delivery of the note, but alleged that the plaintiff therein was indebted to him at that time in the sum of $28.50 for services performed by him for said plaintiff which he asked to be offset against the note sued upon. And for further answer he alleged that said note was executed in payment of plaintiff's services for cutting some wheat at so much per acre, and that at the time of the execution thereof the number of acres was not definitely agreed upon, but the amount thereof was determined by guess, and afterwards there was discovered a discrepancy in the number of acres, and that said note called for $31.25 too much money, and asked that this be allowed as an offset to said note. And for further answer he alleged that he was damaged in the sum of $343.75 by reason of the negligent manner in which said plaintiff had harvested his crop of wheat and by reason of the delay of the plaintiff in harvesting the same, and by reason of his failure to comply with his contract, all of which he pleaded as an offset to said note. And in

the prayer he prayed as follows:

"The defendant prays judgment herein against the plaintiff for damages offsetting plaintiff's claim for the sum of $200, and for his cost in this action, and for such other and just relief as to which he may be entitled."

To this answer the plaintiff below filed a reply, and, said cause coming on to be heard before said court, the justice on the 5th day of February, 1914, rendered a judgment in favor of T. Clifford and against the plaintiff, R. N. Groseclose, in the sum of $200 damages and for cost. Thereafter an abstract or transcript of such judgment thus rendered in the justice court in favor of said defendant below and against the plaintiff below was filed in the office of the clerk of the district court of Ellis county, and on the 22d day of June, 1915, an execution was issued upon said transcript or abstract of such judgment from said office directed to the sheriff of Beaver county, and the sheriff of Beaver county levied the same upon the property of the said Groseclose, to wit, some wheat, and advertised the same for sale. Thereupon, on the 9th day of August, 1915, the said Groseclose filed this action in the district court of Beaver county, seeking to enjoin the sale under said execution, and set aside and vacate the judgment rendered by said justice of the peace, and for such equitable relief as appeared just and proper. In said petition it is alleged, among other things:

"First, that the judgment rendered by said justice of the peace, fully set out hereinbefore, was void for the reason that the same shows upon its face that the set-off or the counterclaim of the said Clifford was in excess of the jurisdiction of the justice court.

"Second, that the plaintiff herein had no adequate remedy at law, inasmuch as the justice of the peace had no authority to vacate a judgment, and, this transcript not being a judgment of the district court, he was entitled to the injunction prayed for herein."

(a) Section 5352, Revised Laws 1910, provides in substance that a justice of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed $200. And section 5461 provides:

"When the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. A defendant need not remit such excess, and may withhold setting the same off; and a recovery for the amount set off and allowed, or any

part thereof, shall not be a bar to his subsequent action for the amount withheld."

This latter section was adopted in 1893 from Kansas, and the Supreme Court of Kansas, in Wagstaff v. Challis, 31 Kan. 212, 1 Pac. 631, said:

"It is 'the amount claimed' that fixes the jurisdiction of a justice of the peace. * * Either party, however, may set forth the whole of his cause of action as the foundation of a suit or as a set-off, in the justice's court, if he does not claim thereon more than $300. If it is the plaintiff who sets forth the cause of action, he must remit the excess over and above $300; but if it is the defendant who sets forth the cause of action as a set-off, he is not required to remit the excess, but he is required to 'withhold setting the same off;' and he cannot make any claim therefor in his bill of particulars, or in any manner, in the justice's court. If he should make a claim therefor, he would at once oust the justice of his jurisdiction to hear and determine such cause of action."

And the Supreme Court of North Carolina, in the case of General Electric Co. v. Williams, 123 N. C. 51, 31 S. E. 288, said:

"Where a defendant to a complaint in justice court demanding judgment for $171 pleads a counterclaim of $138 and a payment of $33, and a second counterclaim of $260 reduced by a remittitur to $200, for which amount he asked judgment, such defense cannot be maintained, as the counterclaims exceed, in the aggregate, $200, the extent of the jurisdiction of a justice of the peace."

And in the opinion the court uses the following language:

"It simply remains for us to ascertain whether the counterclaims in the case at bar exceed in the aggregate the sum of $200, taking the allegations of the answer as true for the purpose of the demurrer. The plaintiff demanded the sum of $171.85. Deducting the alleged payment of $33, there remained only $138.85, which was set off by the defendant's first counterclaim, remitted to that amount. The defendant's second counterclaim was for $260, remitted to $200, for which he demanded judgment. But, as he had already set off $138.85, it was necessary to remit his second counterclaim to $61.15, to bring it within the jurisdiction. This he did not do, and we cannot do it for him."

The amount claimed by the defendant in the answer in the justice court is "damages offsetting plaintiff's claim and the sum of $200," and he recovered a judgment for the amount prayed for, and the judgment of the justice of the peace finds that the defendants' offset is fully established, and that the defendant Clifford have and re-

cover of and from the plaintiff, Groseclose, the sum of $200 damages.

The execution of the note sued upon was admitted, and there was no defense to said note except the offsets or counter-claims set forth therein, and the effect of the judgment rendered by the justice was to render a judgment in favor of the defendant below in the sum of $296.50, being the amount claimed by the plaintiff below, and the amount of the judgment rendered.

(b) This court, in Boardman Co. v. Cobb, 62 Okla. 165, 162 Pac. 729, Ray v. Harrison, 32 Okla. 17, 121 Pac. 633, Ann. Cas. 1914A, 413, and Hudson v. Ely, 36 Okla. 576, 129 Pac. 11, has said that, when a transcript of the judgment of the justice of the peace has been filed in the office of the district clerk under section 5217, Revised Laws 1910, such judgment remains a judgment of the justice court, and does not become a judgment of the district court so as to give the court authority to inquire into its validity.

Under the authorities above cited the district court would not have the authority nor the right to entertain a motion to set aside or to vacate a judgment rendered by a justice of the peace.

The record here conclusively establishes that the judgment rendered by the justice of the peace is void, and section 4881, Revised Laws 1910, provides that an injunction may be granted to enjoin the enforcement of a void judgment.

And this court, in the case of Splawn v. Perry, 40 Okla. 371, 138 Pac. 788, has said:

"A court of equity may interfere to set aside a judgment of a justice of the peace with leave to retry the cause, when it is made to appear that counsel for plaintiff in the action before the justice, in the absense of opposing counsel, obtained said judgment in advance of the time when it otherwise would have been rendered by violating a stipulation as to the day of trial, and that the defendant had a good defense to said action."

This rule seems to be supported by Long v. Shepard, 35 Okla. 489, 130 Pac. 131; Bohart et al. v. Anderson, 26 Okla. 782. 110 Pac. 760.

A demurrer to the petition was here filed by the defendants below, and, the same being overruled, the parties elected to stand upon the demurrer as filed, and have appealed here. A justice court may exercise only such powers as are authorized by statute and possesses no equitable jurisdiction. We are of the opinion that the trial court was correct in overruling said demurrer,

inasmuch is it was evident that the judgment rendered by the justice court was void as being in excess of the jurisdiction of said justice, and that a relief by injunction was proper in the premises.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.