## CAVENDER v. INGRAM.

No. 9275—Opinion Filed July 30, 1918.

(174 Pac. 751.)

1. **Justices of the Peace — Appeal—Bill of Exceptions—Time.**

In case of appeal from a judgment of the justice court to the district court by petition in error and bill of exceptions, such petition in error and bill of exceptions must be filed in the district court within six months after the rendition of the judgment from which appeal is taken.

2. **Appeal and Error—Equity—Review.**

Where a petition in error to the district court from a judgment of a justice court is dismissed because not filed within the time required by law and an appeal is taken from the action of the district court, the appellant cannot urge, for the first time in this court, that the petition in error sets forth equitable grounds for vacating the judgment of the justice court, and that the petition in error should have been considered by the district court as an original petition for such equitable relief, notwithstanding the court did not err in dismissing the petition as a proceeding in error.

3. **Justices of the Peace — Judgment—New Trial—Equity.**

A petition, alleging irregularities in obtaining a judgment in a justice court, but failing to allege both a valid defense and damages suffered, or about to be suffered, by the complainant calling for equitable relief, does not state grounds sufficient to warrant a court of equity to interfere, set aside the judgment, and order another trial.

(Syllabus by Stewart, C.)

Error from District Court,. Muskogee County; R. P. De Graffenried, Judge.

Action in justice's court by A. T. Ingram against S. C. Cavender. From the district court's dismissal of a bill of exceptions and petition in error on his attempted appeal from a judgment of the justice court against him, defendant brings error. Affirmed.

D. E. Herschelman, for plaintiff in error.

Opinion by STEWART, C. On December 25, 1916, judgment was rendered against the plaintiff in error, S. C. Cavender, in a justice court in favor of defendant in error, A. T. Ingram. On January 11, 1916, the plaintiff in error filed in the justice court what he styled, "Motion for a new trial," which was overruled, bill of exceptions being preserved and notice of appeal given to the district court. Petition in error embodying the bill of exceptions was filed in the district court on September 19, 1916. On motion of the appellee, appeal was dismissed, but was reinstated, and on further motion made the court dismissed the petition in error, which action of the trial court is complained of in this court.

The record shows that the petition in error was filed in the district court nearly nine months after judgment in the justice court. The same was filed too late, as the proceedings in error should have been commenced within six months after the date of the judgment appealed from, but the plaintiff in error urges that, even if the time to file a petition in error to the district court from a justice court is limited to six months, nevertheless the petition in error states sufficient facts to authorize relief in equity and cites Bohart et al. v. Anderson, 26 Okla. 782, 110 Pac. 760, in support of the proposition that a court of equity may interfere to order a new trial after judgment by default before a justice of the peace, where there is a showing that the same was not regularly obtained, and grounds for equitable intervention are set up. In the case cited the plaintiff did not attempt to appeal, but brought original action in the district court alleging equitable grounds for setting aside

a judgment of the justice court, in that the judgment was rendered in the absence of the complainant and in violation of stipulation for a continuance; that the plaintiff had a good and valid defense to the action brought in the justice court; that he had no notice of the time when the justice court was to hear such case, the agreement for the continuance being general, with no time specified, and made for mutual convenience and upon agreement between the respective counsel; that, in violation of such agreement and without notice, the judgment was taken, and that complainant knew nothing of the judgment until the time for appeal had expired, and not until execution had issued and an attempt was made to enforce said judgment.

In the instant case proceeding in the district court was based entirely upon the theory of an appeal, and did not purport to be instituted as an original action. There is no allegation of a valid defense or of any damage suffered, or about to be suffered, because of the judgment rendered in the justice court, and no other allegation authorizing equitable relief. The proceeding in the district court was begun as an appeal, and was so treated by the court and by the parties. We are of the opinion that the petition does not state grounds for equitable interference, and, if it did, it is too late to switch theories. It is now a well-settled principle of our jurisprudence that where a case is heard upon one theory, and so determined, the losing party cannot change theories in the appellate court.

The judgment is affirmed.

By the Court: It is so ordered.