### SCHICHTEL v. TURINSKY et al.

No. 19577. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion. Division No. 1.

Phil W. Davis, Jr., for plaintiff in error.

Clarence Campbell, for defendant in error Emma Turinsky.

REID, C. The plaintiff filed this suit for injunction against all the defendants, and especially to restrain the defendant Sanford, as sheriff of Tulsa county, and Leaf, his deputy, from selling certain personal property under an execution issued by the court clerk of that county on a judgment gotten before a justice of the peace, and on which a transcript had been filed in the court clerk's office. Only the defendant Emma Turinsky answered. The appearing parties will be referred to as they were in the trial court.

On the trial the court sustained an objection of the defendant to the introduction of any evidence by the plaintiff, and also upon proof entered judgment for defendant for her attorney's fee. The plaintiff has appealed, and the question here arises as to whether he was entitled to an injunction if he sustained the material allegations of his petition by proof. And this necessarily requires an examination into the sufficiency of the petition. The plaintiff in this proceeding. George Schichtel, alleged, in substance, that in a certain suit pending before Ed Price, a justice of the peace in Tulsa county, Emma Turinsky was a plaintiff, and he and Katy Graves were defendants, and that upon the trial thereof, said justice of the peace announced and rendered judgment for the plaintiff against the said Graves for the sum of $51.40 and costs, and in favor of him, the other defendant; that thereafter a clerical assistant of said justice of the peace erroneously entered the judgment against him and Graves jointly; that Turinsky procured a transcript of the purported judgment to be filed in the court clerk's office of Tulsa county, and caused execution to be issued thereon; that thereafter, upon plaintiff's motion, and after notice to Turinsky, said justice of the peace, upon full hearing, entered an order sustaining the motion and correcting said previous entry of judgment to show that no judgment was, in fact had against him, the said George Schichtel, and a copy of the amended judgment was attached to his petition, which copy fully sustains in its recitations the allegations in the petition. He further alleged that he filed a copy of the amended and corrected judgment in the court clerk's office of said county, but that the sheriff was proceeding under the execution to sell certain personal property belonging to him in satisfaction of such judgment. He prayed that the defendants be restrained from further proceeding under the execution.

As the matter is presented, we are required to take the allegations of plaintiff's petition as true, and then decide whether he

shows facts entitling him to injunctive relief, and this presents as the main question whether the justice of the peace had the power to amend and correct the entry of judgment erroneously made on his docket in such way as to make it speak the real truth. In this connection, it may be stated that it is contended by the defendants that this power rests alone in a court of equity, the district court.

"The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. A judgment is not what is entered, but what is ordered and considered." Freeman on Judgments (5th Ed.) vol. 1, section 46.

This court has held that the district court has the power to set aside a judgment obtained by fraud in a justice court. Splawn v. Perry, 40 Okla. 371, 138 Pac. 788; Bohart v. Anderson, 26 Okla. 782, 110 Pac. 760. And also a judgment is void because beyond the jurisdiction of such court. Clifford v. Groseclose, 70 Okla. 151, 173 Pac. 653. However, in these cases, a district court acted in equity to order a new trial on a judgment as it was actually rendered and entered. Here the judgment was rendered for this plaintiff, but entered against him by mistake; that is, under the record as we pass on the case, this is assumed. Therefore, the foregoing cases are not in point and not controlling; and we find no decision of this court squarely deciding the question, and we must look elsewhere for the proper rule.

On the question presented, Freeman on Judgments (5th Ed.) vol. 1, p. 306, says:

"The rule as to the power of courts to amend the record of their judgments to accord with what was actually determined is frequently stated in terms applicable only to courts of record or general jurisdiction. However, the same principle is doubtless applicable to inferior courts, or courts of limited jurisdiction. Thus it has been held that a justice's court has the same inherent power in this respect that is possessed by courts of record, and such a court may correct its records in matters of form and to rectify clerical errors."

Black on Judgments (2nd Ed.) vol 1, p. 236, states the rule in this language:

"All courts, from the highest to the lowest, whose proceedings are preserved in any species of record or memorial, have the power and authority to make such corrections therein as truth and justice require, and the rules of law permit; and this power, being inherent, belongs to a court merely as such, and does not depend upon a statutory grant of jurisdiction."

In 1878, the Supreme Court of Kansas, speaking by Justice Brewer, in the case of Hanlin v. Baxter, 20 Kan. 134, in the syllabus said:

"A justice may correct the entry of judgment by substituting the name of the party in whose favor the verdict was returned and in whose name the proceedings are had in place of another name erroneously entered therein."

The same court in 1924 again stated the rule in the case of State v. Parise, 117 Kan. 106, 230 Pac. 304, using this language in the syllabus:

"It is competent for a justice of the peace, upon a proper showing, to amend his docket entries in order to correct mistakes, supply omissions and make his records accord with the proceedings actually had and the judgment actually pronounced."

The following cases sustain the right of a justice of the peace to amend and correct his judgments as the petition alleged was done in this case; Gates v. Bennett, 33 Ark. 475; Levy v. Ferguson Lumber Co., 51 Ark. 317, 11 S. W. 284; Knight v. Creswell, 82 Ark. 330, 101 S. W. 754, 118 A. S. R. 74; Bell v. Bowdoin, 109 Ga. 209, 34 S. E. 339; Rahn v. Greer, 37 Iowa, 627; Levy v. Stern, 81 N. J. Law, 318, 79 Atl. 1040; Torilla v. Alexander, 104 Tenn. 453, 58 S. W. 124, 78 A. S. R. 928; Ex parte Breckinridge (Nev.) 118 Pac. 687.

From the foregoing, we have concluded that the justice of the peace had the power after notice to correct the entry of judgment on his docket to make it speak the truth as to the judgment actually rendered, and as such judgment when corrected showed that it went for this petitioning plaintiff, he was entitled, if he proved these facts, to the injunctive relief asked for, and the court erred in sustaining an objection to the introduction of plaintiff's evidence and entering judgment for defendant's attorney's fee.

The case is reversed and remanded, with directions to the trial court to set aside the judgment for attorney's fee, and to reinstate plaintiff's petition and proceed with the trial of the cause in accordance with the views herein expressed.

BENNETT, TEEHEE, FOSTER, EAGLETON, and HERR, Commissioners, concur.

By the Court: It is so ordered.