## SULLIVAN v. BRYANT et al.

No. 26951.   April 6, 1937.

Rehearing Denied May 18, 1937.

Brett & Brett, for plaintiff in error.

N. E. Ticer, for defendants in error.

PHELPS, J. This was an action in equity against a justice of the peace and his constable to enjoin them from levying an execution issued out of the justice of the peace court. The relief was denied '(the trial court sustaining a demurrer to the evidence), and the plaintiff appeals.

The present plaintiff was the defendant in two actions filed against him in the justice court by certain persons who are not parties to the present action. Judgment by default was taken against him in both actions on the same day. On the following day he presented to the justice of the peace a motion for new trial, in each case, under the provisions of section 979, O. S. 1931. No notice of this motion was given the opposite parties, as required by section 980, O. S. 1931. Nor was there any compliance with section 985, had the aid of that section been sought.

The plaintiff testified that when he filed the motion for new trial, on November 15, 1935, the justice of the peace told him that he would sustain the motion and set the retrial down for hearing to be had on November 29, 1935. The records of the justice were not offered in evidence on these issues, nor was any showing made that they could not have been produced. The record before us does not indicate what entry was made, if any, on the justice's records. The plaintiff further testified that on November 27, 1935, which was two days before the date upon which he thought the new trials were to be held, he filed affidavits for change of venue, accompanying them with his check for $2.50 to cover the cost of transcripts, which check was cashed by the justice of the peace, and that the justice then told him that he would transfer the causes to another justice of the peace; that on December 3, 1935, the justice of the peace issued executions on the judgments which had been entered against him; that he had relied on the statements of the justice of the peace, and had he not done so, he would have perfected his appeal within the ten-day statutory period therefor; that the justice of the peace thereby defrauded him, by lulling him into a sense of security whereunder he thought the cases were still pending, but that it appeared that the justice of the peace had never in fact transferred the cases to another justice of the peace, nor had ever set aside the judgment entered on November 14, 1935.

The above was the substance of plaintiff's testimony. It was admitted in the answer filed by the justice of the peace and the constable that the judgments had never been set aside, and they therein alleged that it was the hearing on the motions for new trial which were set for November 29th, and not retrials of the merits of the actions.

It thus appears that plaintiff relied, in the present action, on fraud of the justice of the peace as ground for equitable intervention, since no allegation or evidence was tendered tending to show fraud or any irregularity practiced by the successful parties in the justice court.

The trial judge in the district court took the position, and we think correctly so, that plaintiff could not legally rely on a statement made by the justice of the peace which he had no authority to make. The justice of the peace had no authority to waive the requirements of law, and section 980, O. S. 1931, plainly provides in such case that "The opposite party shall also have a reasonable notice of such motion for a new trial, * * *; such notice to be given by the applying party." Without such notice the justice of the peace would not have been authorized to grant the new trials, and plaintiff would have been left to his remedy of appeal and trial de novo in the appellate court; otherwise the section can have no meaning or purpose or excuse for being in our statutes. It has several times been held in this jurisdiction that justice of the peace courts are of limited jurisdiction and have only such powers as are conferred upon them by statute (Jeffries v. Newblock, 56 Okla. 320, 155 P. 1150), and that statutes conferring jurisdiction on justices of the peace are to be strictly construed and are not to be extended by implication beyond their express terms (St. L. & S. F. R. Co. v. Couch, 28 Okla. 331, 114 P. 694; Hocker v. Carroll, 35 Okla. 290, 129 P. 56). While the case was decided on plaintiff's testimony alone, and while the defendant's evidence, had it been offered, might have put a still more substantial basis to the judgment, the trial

judge was evidently of the opinion that the plaintiff, himself not having taken the necessary steps to obtain a new trial, was not in position to invoke the aid of equity.

Another principle applicable here is that while fraud is, in a proper case, ground for equitable relief from a justice's judgment (Bohart v. Anderson, 26 Okla. 782, 110 P. 760), equity will not as a rule interfere with a justice's judgment unless plaintiff shows that he has a meritorious defense to the original action. Many cases are cited to that effect in 35 C. J. 681, note 85, including the following Oklahoma decisions: N. S. Sherman Mach., etc., Works v. Elzo, 65 Okla. 130, 183 P. 608; Cavender v. Ingram, 70 Okla. 287, 174 P. 751.; Bohart v. Anderson, supra; the reasoning in which cases is sufficiently in point to serve as authority here. In the instant case there was no evidence of a valid defense to the action, though an allegation to that effect was contained in the petition.

The rule requiring that a valid defense to the original action be shown as a condition precedent to the granting of relief by equity, if subject to the same exception as is applied in law actions, to the effect that the defense need not be shown if the judgment being attacked is void (which we do not here decide), can make no difference in the instant case, for plaintiff's proof did not show that the judgment was void. He testified that he had not been served with summons, but qualified this statement with the admission that a summons had been left with his wife for him. He did not testify that it had not been left with her at their usual place of residence. If it was not properly served, the burden was upon plaintiff to show that fact. At the hearing on the motion for new trial plaintiff offered the testimony of his wife to the effect that the summons was served on her when she was half a block away from their usual place of residence. The trial judge denied this offer of testimony, as coming too late, and the plaintiff has made no complaint thereof in his assignments of error or in his brief, and it is therefore waived. Watchorn v. General Finance & Sales Co., 162 Okla. 203, 19 P. (2d) 566.

The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, GIBSON, and HURST, JJ., concur.