CHARLES M. CADWALLADER, APPELLEE, V. SAMUEL McCLAY, SHERIFF, ET AL., IMPLEADED WITH D. L. LOVE, APPELLANT.

FILED JUNE 29, 1893.   No. 5107.

1. Judgment by Default After Settlement: PROMISE TO DISMISS. A judgment will be set aside where it was taken after a settlement between the parties, and contrary to plaintiff's promise to dismiss the action, the defendant having relied upon the promise and so suffered default.

2. ——: PROMISE OF INFANT. The defendant was justified in relying upon such promise, although the plaintiff was an infant, he possessing apparently good judgment and discretion and having been, by his father who appeared in the action as his next friend, permitted to transact the business out of which the action arose.

3. ——: INJUNCTION: CANCELLATION. Where none of the special proceedings provided by the Code is in such a case available an action in equity will lie to enjoin against the enforcement of such a judgment and to declare its cancellation.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.

*J. S. Bishop* and *Pound & Burr,* for appellant.

*Reese & Gilkeson, contra.*

IRVINE, C.

Charles T. Weber, an infant, by his father as next friend, recovered a judgment before a justice of the peace in Lancaster county for $107 and costs. A transcript of this judgment was filed in the office of the clerk of the district court, and after certain proceedings in aid of execution, an execution was levied upon real property of Cadwallader occupied by him and his family as a homestead. Before the sale this suit was begun by Cadwallader against the sheriff of Lancaster county and Weber for the purpose of vacating the judgment and enjoining the enforcement thereof. D. L. Love was permitted to intervene as assignee of Weber's judgment.

The plaintiff claimed first that the property levied upon was exempt from execution as a homestead. The defendants met this by showing that the judgment upon which the execution was issued was for wages owed by Cadwallader to Weber, and claimed that a homestead was not exempt from execution upon such a judgment. This question we need not determine in view of the conclusions reached on the other branch of the case.

The plaintiff contended, in support of his application to have the judgment canceled, that pending the action before the justice of the peace, and before judgment was rendered, he had a conference with Weber in which their accounts were looked over and a settlement reached, by which it was ascertained that Weber's account was overdrawn and that a small balance was due from Weber to plaintiff; that thereupon Weber promised that the suit should be dismissed; that Cadwallader relied upon that promise and did not attend at the time appointed for the hearing, when Weber, in fraud of his agreement, took judgment by default, and this fact was concealed from Cadwallader until too late to open up the judgment or appeal therefrom. The evidence upon this subject was conflicting, and the trial judge was justified in finding the facts for the plaintiff. There can be no doubt that a judgment taken contrary to an agreement of this character, relied upon by the defendant, would be vacated, if taken in the district court, under section 602 of the Code. That section does not apply to justices of the peace, and the plaintiff is therefore entitled to proceed in equity to avoid such judgment. (See Black, Judgments, sec. 373, and numerous cases there cited.) We do not think that the fact that Weber was an infant affects the case. His next friend was his father, and his father had emancipated him, as is clear from the fact that he had been permitted to engage in a contract with the plaintiff on his own behalf, and that his father undertook as his next friend to prosecute an action to recover his wages for him. He was apparently a young man approaching his majority and accustomed to transacting his own business. Under these facts we think Cadwallader was justified in relying upon Weber's representations and promises. An infant is responsible for frauds committed by him as well as for torts. (*Savage v. Foster*, 9 Mod. [Eng.], 35*; 1 Story, Eq. Jurisprudence, 385.) As was said in *Binsse v. Barker*, 13 N. J. L., 363, a similar case: "The defendant has been

injured by the want of good faith on the part of the plaintiff, and this court will not sustain a judgment under such circumstances." Love, as Weber's assignee, took only Weber's rights.

The briefs discuss a question as to whether the defendants were misled by a statement of the trial judge whereby they were induced to forbear putting upon the stand certain witnesses upon the question of fraud; but the record does not disclose any facts founding this argument, and the affidavit filed in this court cannot take the place of a transcript of the record or bill of exceptions.

AFFIRMED.

THE other commissioners concur.