## McSPADDEN v. RICHARDSON.

No. 7440—Opinion Filed May 16, 1916.

Rehearing Denied June 13, 1916.

(157 Pac. 1153.)

### Judgment—Default—Opening—Grounds.

Same as in Hodges v. Alexander, 44 Okla. 598, 145 Pac. 809.

(Syllabus by Hooker, C.)

Error from District Court, Rogers County; T. L. Brown, Judge.

Action by Charles Richardson against Ada A. McSpadden. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. H. Bassman and John Madden, for plaintiff in error.

Chas. Richardson, for defendant in error.

Opinion by HOOKER, C. On the 10th day of June, 1914, Charles Richardson instituted suit in the district court of Rogers county against Ada A. McSpadden, whereby he alleged in his first cause of action: That on or about the 14th day of February, 1912, the said Ada A. McSpadden obtained a judgment canceling an oil lease made by her guardian during her minority to the Lasoya Oil Company and for an accounting. That on said date the said Ada A. McSpadden and one Stephen Markham entered into a certain contract, by the terms of which she assigned and transferred to him all her right and interest in said judgment for the consideration of $5,000, of which the said Stephen Markham was to pay $50 per month from and after the 15th day of each month, next thereafter, until the appeal taken by the company was decided by the Supreme Court of the state, and that in the event said cause was affirmed the said Stephen Markham was to pay to her the balance of $5,000, after deducting the monthly payments aforesaid; but in the event the said cause was reversed the said Stephen Markham was not to pay any further monthly payments, but was to be reimbursed by her in the sum paid to her by him. That the said Markham paid to her the sum of $1,225, in monthly payments between the time of the execution of said contract and the reversal of said cause, which she never repaid to him, or to any one else for him, and that the said Markham did assign and transfer his claim to the plaintiff in said cause, for which he sought judgment. In the second cause of action in said petition contained the said Charles Richardson alleged that prior to the 13th day of May, 1914, one Stephen Markham paid out for the use and benefit of Ada A. McSpadden, and at her request, the sum of $832.24, to enable the said Ada A. McSpadden to prosecute some litigation in which she was interested, and that the said Stephen Markham assigned his claim to this plaintiff, and judgment was prayed for in the sum of $832.24. A demurrer was filed to said petition, and overruled by the court, and the defendant, Ada A. McSpadden, was given 20 days in which to answer, which she did not do.

It appears from an examination of the record that the demurrer was overruled on the 7th day of December, and the said defendant given 20 days thereafter in which

to file answer, but that she failed so to do, and that on the 4th day of January following a judgment was rendered by default in favor of the plaintiff below against her for the full sum sued for in said petition. Thereafter, on the 6th day of January, she filed a motion for a new trial, and alleged substantially the following state of facts: That her attorneys had been misled as to the day upon which the district court of Rogers county would convene, in that they had been of the opinion that said court would convene on the 7th day of December, which was the day provided by statute for the district court of said county to convene, and they had made arrangements to present said demurrer to the court on said date, and had an understanding with the court and counsel that, if their demurrer was overruled, an exception might be saved, and 20 days given to the defendant in which to answer. They did not expect to be present at said time, but had briefed said cause and filed the same with the court, and a copy thereof with the opposing counsel. After this arrangement had been made her attorneys received a printed docket of the district court of said county informing them that:

"Since the setting and printing of this calendar the Supreme Court has assigned the judge of this court to preside in another district; therefore this docket is continued for one week. The first day's setting will be taken up the 14th."

And it is claimed that the attorneys were led to believe and did believe, by reason of this notation in the printed docket, that the court would not convene on the 7th day of December, but that all matters would be extended until the 14th, and they governed themselves accordingly. It appears from the record that the attorneys for the defendant below requested the clerk to notify them of the order that was made by the judge of the court at the time the demurrer was passed upon, and, not hearing from the clerk, on or about the 23d day of December, they addressed a letter to the clerk of the court, making inquiry as to what disposition was made and what order entered in reference to said matter, and that on or about the 28th or 29th of December the clerk answered the letter, advising them that the court on the 7th day of December had overruled the demurrer and had given the defendant 20 days in which to file answer, and further suggesting to the attorneys that, inasmuch as the time had then expired, permission of court should be had to file answer out of time. Thereupon one of the defendant's attorneys forthwith communicated with the judge of the court and with an attorney located in the city where said judgment was rendered, seeking to procure time within

which to file said answer, and thereupon prepared and mailed on the 2d day of January, which was upon Saturday, an answer to the plaintiff's cause of action, to be filed in said cause; but before the attorney filed said answer the plaintiff below had taken a default judgment against the defendant, and the court refused to permit said answer to be filed, or to vacate said judgment. Thereupon a motion for a new trial was filed in the court below, and the trial court, after having heard the evidence, refused to grant said new trial upon the sole ground that the answer of the defendant below failed to state a defense to the causes of action set forth in the petition filed herein.

From an examination of the record before us, we are of the opinion that the answer of the defendant below, which she desired to file at the time she filed her motion for a new trial, and which is attached to said motion, contains a defense to the causes of action set forth in the petition in said case, and we are of the opinion that the attorneys for the defendant below, plaintiff in error here, were not guilty of such negligence as would deprive her of an opportunity to have her cause litigated in a court of justice. We do not think there was any willful intention or any intentional neglect of this case, but that the confusion came about as a result of the notation of the clerk when the printed docket was distributed, which could easily have misled nonresident attorneys, and especially non-residents of the state. See Hodges v. Alexander, 44 Okla. 598. 145 Pac. 809, and the authorities there cited.

This cause is therefore reversed and remanded.

By the Court: It is so ordered.