ANDREW A. CARLSON ET AL., APPELLANTS, v. JAMES A. RAY
ET AL., APPELLEES.

FILED DECEMBER 15, 1919. No. 20576.

1. Justices of the Peace: JUDGMENT: VACATION. Justices of the peace
   and county courts exercising the jurisdiction of justices of the
   peace have no equity power to vacate a judgment after the time
   to appeal therefrom has expired.

2. ———: ———: ———. The statutory power to vacate a fraudulent
   judgment procured at a former term of court by the prevailing
   party does not extend to a justice of the peace or to a county
   court exercising the jurisdiction of a justice of the peace.

3. ———: ———: FRAUD: INJUNCTION. Where plaintiff in an action
   before a justice of the peace procures by fraud and perjury an un-
   conscionable judgment, prevents an appeal therefrom by the same
   methods, and attempts to enforce the fraudulent judgment in an-
   other county by means of a transcript and an execution, the dis-
   trict court in which the transcript is filed may, on a proper pe-
   tition in equity, enjoin the judgment creditor and the sheriff from
   proceeding under the execution.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*J. E. Porter,* for appellants.

*E. D. Crites* and *F. A. Crites, contra.*

ROSE, J.

This suit was commenced in the district court for Dawes county to prevent the execution of a judgment which the county court of Fillmore county, exercising the jurisdiction of a justice of the peace, had rendered against plaintiffs for $179.93 on a promissory note. A transcript of the judgment had been filed in the office of the clerk of the district court for Dawes county and collection is attempted by means of an execution in the hands of the sheriff of Dawes county. The trial court sustained a demurrer to the petition and dismissed the suit in equity. Plaintiffs have appealed.

The question presented by the appeal is the sufficiency of the petition. Plaintiffs herein are the signers of the note and reside in Dawes county. C. W. Buckley, James A. Ray and Vet Canfield are defendants. Buckley is named in the note as payee and resides in York. Ray claims to be assignee of Buckley, is the judgment creditor and resides in Fillmore county. Canfield is the sheriff of Dawes county and the execution is in his hands.

For the purpose of testing the demurrer the wrongs of which plaintiffs complain may be outlined as follows: Buckley operated what he termed the "York Business College and Normal School." By means of an agent employing false representations, alluring promises and other forms of deceit Buckley enticed Mary Carlson, one of the plaintiffs herein, a minor, into promising to attend the school named and into signing the note in controversy for tuition. In like manner the child's parents, who are the other plaintiffs herein, were induced to consent to their daughter's becoming a pupil of Buckley. Intending only to commit such consent to writing they were

Carlson v. Ray.

tricked into signing the note. Plaintiffs advanced $17 on tuition. The minor child became a pupil of Buckley, remained in York a short time and withdrew without benefit to herself after Buckley had violated his duties and broken his promises. Afterward Buckley corruptly entered into a conspiracy with Ray to procure a judgment against plaintiffs by fraud and perjury. In furtherance thereof Buckley left his residence in York, went into Fillmore county and was there served with a summons in an action wherein he was ostensibly made a defendant for the fraudulent purpose of procuring from the county court of Fillmore county a summons which was served on plaintiffs here in Dawes county. In the action on the note plaintiffs herein were the only real defendants. They were thus summoned to appear in a forum far removed from their residence, where the cost of a defense would exceed the amount for which the action was brought. By special appearance they objected to the jurisdiction of the county court of Fillmore county and the objection was sustained. Later, in the same case, they were again served with summons in Dawes county and again objected to the jurisdiction of the county court of Fillmore county but that court was induced by the fraud and perjury of the conspirators to entertain jurisdiction and to enter judgment against plaintiffs. Answers in the county court of Fillmore county, pleading fraud as a defense to the note, are made a part of the petition in equity. Plaintiffs were taken by surprise as a result of the conspiracy and perjury, and not being present in Fillmore county at the time, not being acquainted there, and having no property there, were unable to procure or arrange for an appeal or for a supersedeas within the time allowed by law. If the allegations of the petition in equity are true the judgment of the county court of Fillmore county is iniquitous and unconscionable.

Does the petition in equity state a cause of action? One ground of demurrer is stated as follows:

"The plaintiffs in this case, as defendants in the cause mentioned in the petition, having challenged the jurisdiction of the justice of the peace, and having also entered a general appearance by way of answer and plea in said cause, and having suffered adverse judgment, and having failed to appeal from said adverse judgment, are bound thereby, and the same has become *res judicata*, and may not be assailed in these proceedings by collateral attack or otherwise."

To justify the sustaining of the demurrer defendants herein insist that plaintiffs in equity filed answers in the original action, pleaded to the merits therein, and thus submitted their defense to the county court of Fillmore county; that judgment was rendered against them; that plaintiffs in equity had adequate remedies at law by application to the court of original jurisdiction and by appeal; and that therefore relief in equity is not grantable under the petition herein.

The first of the remedies suggested is unavailing. Justices of the peace and county courts exercising the jurisdiction of justices of the peace have no equity power to vacate a judgment after the time to appeal therefrom has expired. The statutory power to vacate a fraudulent judgment procured at a former term of court by the prevailing party does not extend to a justice of the peace or to a county court exercising the jurisdiction of a justice of the peace. Rev. St. 1913, secs. 8207, 8215; *Cadwallader v. McClay,* 37 Neb. 359. Conceding the allegations of the petition in equity to be true, it is clear, however, that the fraudulent judgment of the county court of Fillmore county could be canceled by a proper exercise of the equity powers of the district court for that county. *Cadwallader v. McClay,* 37 Neb. 359. The serious question then is the authority of the district court for Dawes county, as a court of equity, to enjoin proceedings under the execution issued on the transcribed judgment. The general rule is that the application for such an injunction should be made in the venue of the court

of original jurisdiction. 17 Cyc. 1185. This rule has a substantial foundation in justice and reason. Conflict in the jurisdiction of courts of equal rank can only be avoided by the application of such a rule. The judgments of the courts in the venue of original jurisdiction and of the appellate courts, except for the purposes of liens and executions, are beyond the reach of the process or judgment of other courts. The power of courts of original jurisdiction over their own judgments and processes is not changed by the transcribing of the judgments to other forums. Transcripts, when filed elsewhere, serve the purposes of liens and executions only. Except as thus affected, the original judgments and the control of the courts in the venue of original jurisdiction remain unchanged. The respective powers of different courts of equal rank in respect to original and transcribed judgments was discussed in *Case Threshing Machine Co. v. Edmisten*, 85 Neb. 272, where it was observed:

"The jurisdiction of the court to which the judgment is transferred is not the same as that of the court rendering the judgment, unless made so by statute. The powers are derived from different sources. The court of original jurisdiction adjudicates the matters in controversy and gives vitality to the obligation or liabilities involved in the litigation. In rendering and in enforcing its judgment, it acts under general authority conferred by the Constitution and statutes. When the transcript enters another jurisdiction, the office of the transfer is the enforcement of the judgment, and in the new sphere of operation the statute makes provision for a lien and for execution."

In the present case, therefore, the district court for Dawes county cannot change or cancel the original judgment, and the equitable jurisdiction in the new territory is limited to the transcribed lien and the execution. According to the petition in equity the lien of the unconscionable judgment procured by fraud and perjury

in the county court of Fillmore county has gone beyond the original venue and has become in Dawes county an instrument of wrong and oppression. As such it clouds title to land of plaintiffs in equity and by levy may become a lien on their personal property. If the expense of a defense in the original action more than 400 miles from the residence of the plaintiffs in equity would exceed the claim in litigation and if the original judgment was procured, and the right of appeal defeated, by fraud and perjury, it is fair to presume that an application to the district court for Fillmore county for equitable relief would not afford an adequate remedy. It would be a reproach to equity in a situation of this kind to hold that relief cannot be granted in Dawes county, where the unconscionable lien and oppressive execution are employed to gather the iniquitous fruits of fraud and perjury. In *Tomkins v. Tomkins*, 3 Stockt. (N. J.) 512, the Chancellor said:

"The power of a court of equity to look into the judgment of other courts, and relieve against them, on the ground of fraud, is well established. * * * Where the judgment has been procured by artifice or concealments, on the part of the plaintiff, and the court where the fraud has been perpetrated is not able to afford adequate relief, there this court will take hold of the party who has committed the fraud, and will prevent his using the judgment to the injury of his adversary."

Courts of equity have often exercised this power. *Smoot v. Judd,* 161 Mo. 673, 84 Am. St. Rep. 738; *Pollock v. Gilbert,* 16 Ga. 398, 60 Am. Dec. 732; 1 Black, Judgments (2d ed.) sec. 371; 10 R. C. L. 304, sec. 47. Relief of this nature is not necessarily confined to courts in the venue of original jurisdiction. In *Zimmerman v. Makepeace,* 152 Ind. 199, the doctrine is stated as follows:

"The court of one county may restrain the illegal sale of lands in such county under an execution issued from the court of another county."

Interference with the right of appeal from a fraudulent judgment has also been held to be ground for equitable relief. In *Roberts v. Cantrell,* 3 Hayw. (Tenn.) 219, it was held:

"Where a party has become without remedy at law, and by no fault or neglect on his part, as for example, where, being a stranger, he was unable to get sureties for an appeal, or *certiorari* from a justice's judgment, equity will relieve."

As a pleading the petition in equity seems to be sufficient to justify the district court for Dawes county in canceling the transcribed lien and in enjoining proceedings under the execution. In this view of the case there was error in the sustaining of the demurrer and in the dismissing of the suit in equity. The dismissal is therefore reversed and the cause remanded for further proceedings.

REVERSED.

SEDGWICK and ALDRICH, JJ., not sitting.