**LANE v. O'BRIEN et al.**

No. 25454.     Sept. 17, 1935.

J. W. Miller and E. H. Beauchamp, for plaintiff in error.

Walter B. Paschall and John A. Goodall, for defendants in error.

. PER CURIAM. Parties to this appeal appear in the same order as in the court below, that is to say, Lora Lane, plaintiff below, is plaintiff in error here, and Alice M. O'Brien et al., defendants below, are defendants in error.

Plaintiff in error filed her petition in the district court of Delaware county, Okla., to quiet her title to certain lands in said county, to which she had obtained a tax deed. She attempted to obtain service upon the defendants in error by publication and obtained a default judgment against them. Defendants in error thereafter filed their petition in said cause to vacate said judgment, said petition being filed within the term in which judgment was rendered. In this petition they allege irregularity and fraud in obtaining judgment, in that the addresses of defendants were known or should by the use of reasonable diligence have been known to plaintiff. The trial court having heard the evidence of many witnesses, both for plaintiff and defendants, found the issues for defendants, set aside the judgment, and granted defendants a new trial. This action of the court is assigned as error by the plaintiff in error.

The trial court had the witnesses before him, observed their demeanor and conduct on the witness stand, and he was in a much better position to determine the question as to whether or not the judgment should be set aside than this court. However, we might say that, with only a transcript of the evidence before us, we could have reached no other conclusion than did the trial court.

The petition to vacate filed in this case falls within the terms of section 556, C. O. S. 1931, and the action of the trial court in vacating the judgment is clearly supported by the following cases: McSpadden v. Richardson, 59 Okla. 124. 157 P. 1153; Griffin v. Jones, 45 Okla. 305, 147 P. 1024, and many other Oklahoma cases.

Snap or default judgments are not favored in law; each party should have his day in court, and where there has been fraud or irregularity in obtaining a judgment by default, and this fact is plainly shown to the court, it is the duty of the trial court to set aside such judgment and grant a new trial. The term "fraud," as used by us, does not necessarily mean intentional or deliberate fraud, but there may be legal fraud practiced by the prevailing parties without it being intentional, and, in fairness to plaintiff in error, we must say that the latter is the meaning which we intend to be given to our language in this case.

In the recent case of Southwest Cotton Oil Co. et al. v. Sawyer, 174 Okla. ___, 51 P. (2d) 543, we held as follows:

" 'As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or the court, the showing for reversal should be much stronger where the error assigned is

the granting of a new trial than where it is the refusal. Trower v. Roberts, 17 Okla. 641, 89 P. 1113.

" 'The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial. Hogan v. Bailey, 27 Okla. 15, 110 P. 890; Duncan v. McAlester-Choctaw Coal Co., 27 Okla. 427, 112 P. 982; Chapman v. Mason, 30 Okla. 500, 120 P. 250; Linderman v. Nolan, 16 Okla. 352, 83 P. 796; Jacobs v. Perry, 29 Okla. 743, 119 P. 243.

"Under the record it cannot be said that the trial court in granting a new trial erred in its view of some clear and unmixed question of law."

This question has been decided by this court so many times that we believe no further citation of authorities is necessary.

Finding no error in the record, the judgment of the trial court should be, and is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys C. H. Jameson and Marvin T. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jameson and approved by Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.