Laura M. FOWLER, d/b/a King Law Brief Printing Company, Plaintiff in Error,

v.

Van FRANCIS, d/b/a Van Francis Typesetting Company, Defendant in Error.

No. 38933.

Supreme Court of Oklahoma.

May 23, 1961.

Paul Pugh, Al Pugh, Oklahoma City, for plaintiff in error.

Robinson & Crabtree, by Lester G. Robinson, Oklahoma City, for defendant in error.

### PER CURIAM.

Plaintiff filed this action against the defendant on November 6, 1958, to collect $907 on a verified itemized account. The defendant filed a motion to quash which was overruled on January 16, 1959. A motion to make more definite and certain was overruled on the 27th day of February, 1959, and defendant given 10 days to plead and 15 days to answer. On May 28, 1959, the plaintiff filed a motion for default judgment. On June 6, 1959, default judgment was taken. On July 21, 1959, defendant filed a verified petition to vacate the default judgment. This petition in part states that Laura M. Fowler was unable to assist her attorney in preparing her defense and answer because of serious illness. With answer and cross-petition attached to her petition to vacate the default judgment she states that she has a meritorious defense and a just cause of action against the plaintiff; that the attorney for the plaintiff promised to give her attorney the date and time that he intended to take default judgment, and that plaintiff's attorney failed to give such notice. On August 28, 1959, the trial court sustained a demurrer to the petition to vacate the default judgment.

On appeal defendant contends that the default judgment was taken unlawfully without notice to defendant and is therefore void. Then cites Rule II of Rules of the District, 7th Judicial District and Common Pleas Court, Oklahoma County, Oklahoma, which reads in part as follows:

"* * * No judgment by default shall be entered against a party who has appeared in a case but who may be in default, except upon notice in writing served upon the attorney of said party, or upon the party by mail, if no attorney of record be noted, stating the time when and the division in which application will be made for judgment. * * *"

In 14 Am.Jur., Courts, Section 156, it is stated:

"Rules adopted by a court without exceeding the limits of its authority are often spoken of as having the effect of rules enacted by the legislature or of positive law and, therefore, as being obligatory both on the court and on the parties, as well as on an appellate court. This is certainly true in so far as the parties and their counsel have acted upon them and have sought to preserve and protect their rights in compliance therewith. The court cannot adopt a different rule and apply it retroactively to their prejudice or treat them as in default if they have conducted themselves as required by the rules of the court, doing the acts required by them to be done, within the time and in the manner therein specified."

In Gill v. Meis, 158 Okl. 154, 12 P.2d 692, 693, the trial court sustained a demurrer to the petition to vacate a default judgment, which petition set forth, among other things, that the record shows that no order was ever made by the trial judge setting the cause for trial. In the opinion the court says:

"In the case of Nation v. Savely, 127 Okl. 117, 260 P. 32, the following rule is announced:

"'Sections 579 and 580, C.O.S.1921 [12 O.S.1951 §§ 663, 664], relating to the time and manner of setting cases for trial and publication of the trial docket before the regular session or term of court, are vital provisions for

the benefit of litigants; and by virtue of the first clause of the third subdivision of section 810 of the statutes [12 O.S.1951 § 1031], where a default judgment has been rendered, the aggrieved person by a reasonable application, upon showing that these statutes were not complied with, may have the judgment set aside at or after the term after such judgment or order was rendered, unless such aggrieved person had actual notice of the trial in time to appear and defend or prosecute his cause. * * *'

"This rule was approved and followed by this court in the case of McKinney v. Swift, 135 Okl. 164, 274 P. 659."

█ The Gill case is analogous to the case at bar, because there was a statutory provision which provided that notice must be given to the adverse party notifying him of the time when hearing or judgment would be taken. In the case at bar, a rule, which has the force and effect of statute, provides that where the party has made an appearance, the party taking default judgment must notify the adverse party of the time when he intends to take such judgment.

In State ex rel. Commissioners of Land Office v. Jones et al., 198 Okl. 187, 176 P.2d 992, 995, 174 A.L.R. 1, the court vacated a default judgment and the order so vacating the judgment was affirmed. In that case, as in the case at bar, the petition to vacate set forth an agreement that plaintiff would not take judgment in said cause without notice to the attorney for defendant. In that case the issues were fully made up. However, that case is in point, because in the case here the defendant made an appearance by filing a motion to make more definite and certain and therefore falls within the meaning of Court Rule II, as above set forth. The court says:

"* * * the petition alleges an agreement that plaintiff's attorneys would notify defendants or their attorneys before any further proceedings were had or any judgment was taken in the foreclosure and that such agreement was violated. For the purpose of the demurrer the allegation of the fact of such agreement is deemed to be true."

█ It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused.

█ In Carter v. Grimmett, 89 Okl. 37, 213 P. 732, 733, the trial court sustained a demurrer to defendant's petition to vacate a default judgment. In reversing the decision of the lower court, this court said:

"* * * The demurrer admits the truth of the allegations of the petition. The petition must be liberally construed in favor of the pleader for the purpose of the demurrer. If the petition states any facts entitling the defendant to any relief, it was error to sustain the general demurrer. Schreiner v. City Nat. Bank of McAlester et al., 76 Okl. 76, 183 P. 905."

█ The defendant's petition to vacate the default judgment stated a cause of action by showing a meritorious defense and valid cause of action in her own right. In passing on the demurrer to the petition, all allegations therein contained should have been accepted as true by the trial court against the demurrer.

The judgment is reversed with directions to the trial court to set aside the order sustaining the demurrer and proceed consistently with the views herein expressed.

It is so ordered.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. There-

after, upon report and consideration in conference, the foregoing opinion was adopted by the court.

BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY and JOHNSON, JJ., concur.

WILLIAMS, C. J., and JACKSON, IRWIN and BERRY, JJ., concur in result.